# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GEORGE F. BUTCHER,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0161** (BOR Appeal No. 2050582)
(Claim No. 800025170)

**WEST VIRGINIA OFFICE OF THE INSURANCE COMMISSIONER,**
**Commission Below, Respondent**

**and**

**A.C. DELLOVADE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner George F. Butcher, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Noah Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2016, in which the Board affirmed a May 29, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 16, 2014, decision to deny a request for authorization of the medications Vyvanse and Ketamine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Butcher, an iron worker for A.C Dellovade, Inc., suffered injury in the course of and as a result of his employment on October 3, 1979, which required a below the knee amputation of one of his legs. A treatment note from Dr. Upshaw dated October 8, 2013, indicated that the use of the medication Ketamine should be approved because it helps the phantom pain associated with Mr. Butcher's leg amputation.

Records from Thomas Upshaw, M.D., Mr. Butcher's treating physician, dated December 2, 2013, indicated that Mr. Butcher was seen for continued leg pain and phantom limb pain. Mr. Butcher reported stress, low mood, and low concentration. Dr. Upshaw noted that Mr. Butcher was easily distracted, prone to mistakes, and had low focus. He suggested a trial of the attention deficit hyperactivity disorder medication Vyvanse. He diagnosed depressive disorder, anxiety disorder, and phantom pain. Another record from Dr. Upshaw indicated that the medication Lyrica seemed to be helping the phantom limb pain and the Vyvanse was helping with the depression and attention deficit hyperactivity disorder. On January 16, 2014, the claims administrator denied the medications Vyvanse and Ketamine. Notes from Dr. Upshaw dated April 11, 2014, stated that the Vyvanse gave Mr. Butcher energy and focus to engage effectively in recovery activities including preventative application of an antibiotic cream, which the claimant would forget to apply due to attention deficit hyperactivity disorder impairing his planning and executing.

The Office of Judges denied both of the requested medications because it determined that the evidence of record did not support their use. The Office of Judges found that Mr. Butcher did not submit any evidence concerning the denial of the medication Ketamine. The Office of Judges found that the authorization of the medication Vyvanse appeared to be requested for the treatment of attention deficit hyperactivity disorder. Because no evidence was submitted demonstrating that attention deficit hyperactivity disorder was a compensable condition, the Office of Judges denied the request. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with agree with the consistent decisions of Office of Judges and Board of Review. The evidence of record indicates that the medication Vyvanse was primarily prescribed for the treatment of attention deficit hyperactivity disorder, which is not a compensable condition. The request for the medication Ketamine was not supported by the evidence of record. Mr. Butcher's only evidence regarding the medication Ketamine is a slip from Dr. Upshaw prescribing it for phantom pain. According to the treatment notes from Dr. Upshaw, Mr. Butcher was already taking Lyrica and Vicodin for the phantom pain. Because the evidence of record did not support approving the request for either medication, it was proper for the Office of Judges and Board of Review to deny them.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman

3